UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY A. ARNDT,

    Plaintiff,

v.

Case No.  2:15-cv-11108
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

FORD MOTOR COMPANY,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND DISCOVERY (DE 23) AND DENYING IN PART PLAINTIFF'S COUNTER-MOTION FOR PROTECTIVE ORDER (DE 25)

This matter is before the Court for consideration of Plaintiff's motion to extend the discovery deadline and for leave to conduct additional depositions (DE 23), Defendant's response and counter-motion for protective order (DE 25), Plaintiff's reply and response to counter-motion (DE 29), Defendant's reply in support of its counter motion (DE 31), and the parties' joint statement of resolved and unresolved issues (DE 32).  In her motion, Plaintiff seeks leave to take three depositions more than the ten allowed under Federal Rule of Civil Procedure 30(a)(2) (and Defendant wishes to extend the duration of Plaintiff's deposition longer than the seven hours provided in Rule 30(d)(1)).  At issue in Plaintiff's

motion are the depositions of Wendy Burkett, Maria Conliffe, Les Harris, Kathy Shatrau, Deborah Fehner, and William Heckman.  In addition, Plaintiff asks the Court to extend the discovery deadline to account for the additional depositions.

This matter came before me on a hearing on December 22, 2015.  Prior to the hearing, the parties stipulated to the following, all of which was placed on the record and adopted as part of the relief granted herein:

1. The discovery deadline will be extended to **January 29, 2016**.
2. Any additional depositions will be taken at the Courthouse.  The parties will proceed in the usual manner for scheduling those depositions and will contact the Undersigned's chambers if additional space is needed.
3. The depositions will be limited to two hours.
4. Defendant will be entitled, to a reasonable degree, to exceed the seven-hour time limitation for the completion of Plaintiff's deposition.   Defendant agrees that Plaintiff is entitled to the depositions of Burkett and Conliffe.

For the reasons stated on the record, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.  Likewise, Defendant's motion for protective order is **GRANTED IN PART AND DENIED IN PART**.  Specifically, the Court orders the following (in addition to the stipulations above):

1. To the extent Plaintiff seeks to take the depositions of Harris, Shatreau, and Heckman, his motion is granted.  The depositions shall be limited to two

hours of testimony per deponent. Shatreau's deposition will be conducted via telephone.

2. Plaintiff's request to take the deposition of Fehner is denied. However, by **January 15, 2016**, Ford will provide to Plaintiff any contact information in its possession for Fehner and/or the contact information for her last known employer, since she is no longer in Ford's employment records and may have been classified as a contractor.

3. Plaintiff's counsel is available to conduct the depositions on January 14, 15, 18, 20, 21, 22, 25, 26, 27, and 28, 2016. **ON OR BEFORE JANUARY 6, 2016**, Defendant will choose two of those dates for the completion of depositions.

4. The respective depositions will begin at 10:00 AM, 1:00 PM and 3:00 PM, with each deposition, respectively, to end at 12:00 PM, 3:00 PM and 5:00 PM. Plaintiff is entitled to two hours of testimony from each deponent, so any breaks must be factored into the schedule and there must be a lunch break of approximately one hour. These depositions should take no more than two days to complete, with three depositions scheduled for each day.

5. Both parties have requested that the Court award attorney fees for costs incurred in bringing or responding to the motion. Federal Rule of Civil Procedure 37 provides that, when a motion to compel is granted in part and

denied in part, "the court *may* . . . after giving an opportunity to be heard, apportion reasonable expenses for the motion." Fed. R. Civ. P. 37(c) (emphasis added). After finding some degree of fault on both sides, the Court declines to do so here.

Should any additional issues arise, the parties are invited to schedule a conference call with my chambers.

**IT IS SO ORDERED.**

Dated: December 23, 2015    s/Anthony P. Patti
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing was sent to parties of record on December 23, 2015, electronically and/or by U.S. Mail.

                            s/Michael Williams
                            Case Manager for the
                            Honorable Anthony P. Patti

4