UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY A. ARNDT,

    Plaintiff,

v.

    Case No. 2:15-cv-11108
    District Judge Paul D. Borman
    Magistrate Judge Anthony P. Patti

FORD MOTOR COMPANY,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO ALLOW COMPLETION OF PLAINTIFF'S DEPOSITION (DE 41)

This matter is before the Court for consideration of Defendant's motion to allow completion of Plaintiff's deposition (DE 41), Plaintiff's response in opposition (DE 47), and Defendant's reply (DE 50). In its motion, Defendant contends that it is unable to complete Plaintiff's deposition until it receives his complete military records. Defendant indicates that it did not receive Plaintiff's authorization for the release of his military records until January 15, 2016, and therefore those records were not available for his deposition scheduled on January 28, 2016, which did not proceed. Defendant notes, however, that it does not need Plaintiff's military records in order to depose him effectively for summary judgment purposes, as opposed to trial preparation purposes. As a result,

Defendant asks the Court to order that either 1) Plaintiff appear at two depositions, the first of which would be completed prior to the dispositive motion deadline of February 29, 2016 with the second to be completed after the military records are received; or 2) to appear at one deposition after the military records are received with an extended dispositive motion deadline.

Plaintiff opposes the motion, arguing that it would be prejudicial to require him to travel from Tennessee to Michigan several more times to attend depositions. He further argues that Defendant has refused his offer of providing the records himself, thereby revealing that such a request is merely an attempt to delay his deposition.

This matter came before me for a hearing on February 18, 2016.  After hearing arguments on both sides, I conclude that Plaintiff will not be prejudiced by appearing one time for the completion of his deposition in lieu of the appearance he was not required to make on January 28, 2016.  Accordingly, Defendant's motion is **GRANTED**, for the reasons stated on the record (DE 41).

Specifically, I hereby **ORDER** that Defendant complete Plaintiff's deposition, with or without the military records, **ON OR BEFORE APRIL 18, 2016**.  During the hearing, Defendant indicated that it could receive the records from the U.S. military as early as mid-March, but did not have a date certain for receiving the documents.  Defendant's counsel also clarified that, if given the

choice between deposing Plaintiff *with* the military records *after* the dispositive motion deadline or deposing Plaintiff *without* the military records *before* the dispositive motion deadline, it would be more important to complete the deposition prior to the dispositive motion deadline. Based on counsel's representation, the uncertainty of how long it will take the military to produce the records, and in the interest of effective case management, I decline to leave this timeline open-ended.

Further, Plaintiff's deposition shall occur at a place of the parties' mutual choosing. If the parties cannot choose a mutually agreeable location, the deposition shall occur at the Theodore Levin Courthouse.

In addition, Plaintiff has already been deposed for approximately six hours. At a previous hearing, the parties stipulated to allow a reasonable extension in excess of the seven-hour time-limit provided in Federal Rule of Civil Procedure 30. (DE 36.) As a result of the motion practice in this case, however, I hereby **ORDER** that Plaintiff's additional deposition not exceed 1.5 hours if the military records *have not been received* and 2.5 hours if the military records *have been received* prior to the deposition.

As a result of the above conclusions, I find good cause exists for extending the dispositive motion deadline. *See, e.g., Vasudeva Mahavisno v. Compendia Bioscience, Inc.*, No. 2:14-cv-12207, 2015 WL 5698519, at *3 (E.D. Mich. Sept. 29, 2015) (finding good cause to extend the deadline). Accordingly, the

3

dispositive motion deadline shall be extended from February 29, 2016 to **MAY 2, 2016**.

Finally, nothing in this order should be construed as a general re-opening of discovery, except with respect to Plaintiff's deposition as stated herein. Should any additional issues arise, the parties are invited to schedule a conference call with my chambers.

**IT IS SO ORDERED.**


Dated: February 19, 2016        s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on February 19, 2016, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager for the
                                Honorable Anthony P. Patti