UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY A. ARNDT,

       Plaintiff,

v.

       Case No.  2:15-cv-11108
       District Judge Paul D. Borman
       Magistrate Judge Anthony P. Patti

FORD MOTOR COMPANY,

       Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH SUBPOENAS (DE 45)

      Plaintiff, Bradley Arndt, filed his complaint in this action on March 25, 2015, alleging that Defendant discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* (DE 1.)  Specifically, Plaintiff asserts that he suffers from post-traumatic stress disorder ("PTSD") and mild traumatic brain injury, for which he utilizes a trained service dog.  (Id. at ¶¶ 8-9.)  Plaintiff contends that, despite written requests for accommodation, Defendant would not allow him to bring his service dog to work.  (Id. at ¶¶ 13-17.)  He asks the Court to award compensatory, exemplary, and punitive damages, as well as lost wages and benefits, interest, costs and attorney fees.  In addition, he seeks an injunction prohibiting further such behavior.

**I.     THE INSTANT MOTION**

This matter is before the Court for consideration of Plaintiff's motion to quash subpoenas issued by Defendant to Plaintiff's cellular provider and motion for protective order (DE 45), Defendant's response in opposition (DE 54), Plaintiff's reply (DE 58), and the parties' joint statement of unresolved issues (DE 67).  In his motion, Plaintiff asks the Court to quash the subpoenas issued by Defendant on the discovery completion date for being untimely, overbroad, irrelevant, harassing, an invasion of privacy, and an invasion of the attorney client privilege.  Defendant counters that Plaintiff lacks standing to quash the subpoenas issued to non-parties.  In addition, Defendant argues that Plaintiff failed to comply with the meet and confer requirement set forth in Eastern District of Michigan Local Rule 7.1 and contends that the subpoenas were timely issued.  Defendant further asserts that the subpoenas seek relevant information and do not impose an undue burden.  Finally, Defendant asks the Court to enter an order directing the non-parties to comply with the subpoenas.

In Plaintiff's reply, he asserts that he has standing to quash the subpoenas because he has a personal interest in the subpoenaed information.  He maintains that Defendant's subpoenas amount to a fishing expedition, specifically the request for records of all phone calls and texts from 2013 to present, his disability records

from the United States government, and his educational records.[1] This matter came before the Court for a hearing on March 23, 2016.

## II. STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas and allows a district court, on proper motion, to quash a subpoena for documents or testimony. The decision to quash a subpoena is within the sound discretion of the district court. *Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir. 2003). The "movant has the burden of persuasion on a motion to quash a subpoena." 9A Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice and Procedure* § 2459 (3d ed.1998)).

The Rule provides in relevant part that the issuing court *must* quash or modify a subpoena that:

    (i)    fails to allow a reasonable time to comply;

    (ii)    requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business . . . ;

    (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    (iv)    subjects a person to undue burden.

---

[1] Although, for reasons explained below, the Court will not determine whether this exercise has devolved into a fishing expedition, it is definitely getting a whiff of one.

Fed. R. Civ. P. 45(d)(3)(A). Objections to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Failing to serve written objections by the time provided in Rule 45 generally waives those objections. "'In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections.'" *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136-37 (S.D. Ohio 1999) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996)). Courts have found unusual circumstances where, for example, "the subpoenaed witness is a non-party acting in good faith." *Id.*

Rule 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45. *Sys. Prod. and Solutions, Inc., v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014). The Rule allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

### A. Standing

As a preliminary matter, I conclude that Plaintiff has standing to bring this motion. Although "a party generally 'has no standing to seek to quash a subpoena

directed to a non-party,'" standing is conferred if the party can "demonstrate a personal interest or claim of privilege" in the subpoenaed documents. *Sys. Prods. & Sols., Inc. v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at *7 (E.D. Mich. Aug. 8, 2014) (quoting *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008)). Personal interest sufficient to confer standing to challenge a subpoena has been found in a variety of circumstances. For example, this Court has found that an individual has standing to contest a third-party subpoena due to a personal interest in one's "personal—as opposed to work—emails and phone records." *Id.* Similarly, courts have found personal rights or interests in employment records, including his personnel file and personal address, *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, at *1 (E.D. Mich. Dec. 10, 2008), and in banking records, *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002).

Applying the foregoing authority, Defendant has issued multiple subpoenas implicating Plaintiff's personal interests. For example, Defendant subpoenaed Verizon Wireless for all of Plaintiff's phone records, including phone numbers and text messages, from February 1, 2013 to present. (DE 45-1 at 4.) In addition, Defendant subpoenaed a law firm to obtain Plaintiff's entire Social Security

5

Administration disability file[2] (Id. at 8), his entire academic record, including financial and/or financing records (Id. at 12, 16, 20, 24, and 28), and his entire military record (Id. at 32). As noted above, courts have found personal interest in emails, phone records, employee files (which are analogous to academic files), and in banking records (which are analogous to financial and/or financing records at an academic institution). Accordingly, Plaintiff has more than demonstrated his standing to challenge the subpoenas at issue.

### B. Timeliness of the Subpoenas

"'In considering whether a Rule 45 subpoena constitutes discovery (subject to the applicable discovery deadline), the majority of courts . . . have answered yes.'" *Luppino v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 13-50212, 2013 WL 1844075, at *5-6 (E.D. Mich. Apr. 11, 2013) *report and recommendation adopted*, No. 13-50212, 2013 WL 1844073 (E.D. Mich. Apr. 30, 2013) (quoting *Fleetwood Transp. Corp. v. Packaging Corp. of Am.,* No. 11–45, 2011 WL 6151479, at *1 (M.D.N.C. Dec. 12, 2011)); *see also* 9 James WM. Moore *et al.*, Moore's Federal Practice ¶ 45.21 (3d ed. 1999) ("though Rule 45 does not expressly limit the time within which a subpoena may be served, the scheduling orders and pretrial orders of the court, particularly any discovery deadline, will effectively control the timing

---

[2] Although Plaintiff's argument in this area is not well developed, the Court notes that such a request could implicate attorney-client privilege concerns, which strengthens Plaintiff's standing to challenge the subpoena.

6

of the service of a subpoena."). Here, the Court's discovery deadline was initially November 30, 2015 (DE 10), but was later extended to January 29, 2016 (DE 36). In the Court's initial scheduling order, the parties were cautioned that "[a]ll discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party sufficient time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery." (DE 10 at 3.) The subpoenas at issue were served on January 29, 2016, the very last day of discovery. (DE 45-1.)

This district has dealt with a remarkably similar case. *Taylor v. Countrywide Home Loans*, No. 08-13258, 2009 WL 1913417, at *3 (E.D. Mich. June 30, 2009). In *Taylor*, the discovery deadline was March 17, 2009 and the scheduling order provided that "all discovery must be initiated such that it is completed by March 17, 2009." *Id.* The plaintiff sent subpoenas to a non-party on March 17, 2017, asserting that the delay was due to newly discovered evidence. *Id.* at *5. The Court concluded that the plaintiff failed to comply with its scheduling order by issuing the subpoenas on the last day of the discovery deadline, and quashed the subpoenas.

I do not see any significant differences between the situation in *Taylor* and the one in the instant matter. Defendant issued the subpoenas on the final day of the discovery period, which did not provide sufficient time in advance of the discovery deadline in which to serve responses, in violation of the Court's

7

scheduling order. Defendant asserts that the Court in this matter has extended other deadlines, such as the time to complete Plaintiff's deposition, and therefore the subpoenas do not violate the scheduling order. This argument is not well-taken, and ignores the explicit instruction of a prior order. As Plaintiff points out, even when the Court extended the dispositive motion deadline, it specifically stated that "nothing in this order should be construed as a general re-opening of discovery, except with respect to Plaintiff's deposition as stated herein." (DE 53.) There is nothing in the case history to demonstrate that the discovery deadlines were sufficiently "fuzzy" as to make the Court conclude that general fact discovery could be completed after the deadline.[3]

However, Federal Rule of Civil Procedure 16(b)(4) allows the deadline to be extended and discovery to be re-opened upon a showing of good cause. "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements, though

---

[3] The Court was concerned that Plaintiff could have withheld his authorization to access these records, thereby making Defendant's request untimely. However, Defendant has not asserted this as a reason for the delay in issuing the subpoenas. At the hearing, Defendant's counsel clarified that Plaintiff's authorizations were not necessary to issue the subpoenas.

In addition, the Court was not clear whether the subpoenas in this instance, specifically those issued to the U.S. Army, were the subject of the Court's February 19, 2016 Order granting Defendant additional time in which to conduct Plaintiff's deposition to allow for Plaintiff's military records to be received. (DE 53.) However, Defendant has clarified that "[t]he subpoena does not concern the U.S. Army records that are the subject of this Court's Order." (DE 67 at 5.)

courts may also consider prejudice to the nonmoving party.'" *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). Here, I conclude that Defendant has, to a limited extent, established good cause only with respect to the subpoenas issued to Cellco Partnership d/b/a Verizon Wireless. Specifically, Defendant's counsel explained at the hearing that Ford learned during a January 28, 2016 deposition that Plaintiff and his supervisor, Steven Sowers, had been exchanging text messages related to Plaintiff's absence from work due to multiple surgeries from October 2013 to May 2014. Counsel asserted that the information learned from these subpoenas could show whether or not Plaintiff was informing his supervisor, via text message, about his PTSD during the time period in which he alleges he was asking for an accommodation.

    Defendant has shown the requisite diligence in attempting to meet the Court's scheduling order by issuing the subpoena for Plaintiff's phone records the day after the deposition in which they learned this information, on January 29, 2016. I also find that the texts being sought are relevant and proportional. Accordingly, I find good cause for extending the discovery deadline slightly for this limited purpose.

    However, the subpoena as it is currently written is overbroad. It seeks "[a]ll phone records . . . including the phone numbers called or text messaged to, the

9

phone numbers calls and text messages were received from, and duration of the calls from February 1, 2013 to present." (DE 45-1 at 4.)  Such a broad request is unnecessarily invasive of Plaintiff's privacy and the only data likely to yield useful information are the text messages between Plaintiff and Mr. Sowers from October 2013 through May 2014.  I therefore find that it is not proportional to the needs of this case.

Moreover, Defendant was not diligent in seeking these general phone records, as they could have been sought much earlier, and the fact that Plaintiff utilizes a telephone was or could have been discussed when his deposition was first taken in October 2015.  The subpoena in its current form shall be quashed, and Defendant shall have until **MARCH 30, 2016** to issue a more limited subpoena to Cellco Partnership d/b/a Verizon Wireless consistent with the above findings.  Specifically, the subpoena shall only seek the text messages exchanged between Plaintiff and Mr. Sowers from October 2013 through May 2014.

Likewise, Defendant has not established good cause or demonstrated the requisite diligence in seeking the other information sought in the subpoenas, as all of it could have been subpoened at a much earlier date.

Finally, I conclude that Plaintiff's failure to seek concurrence in this matter was a violation of the Local Rules of the Eastern District of Michigan, specifically Rule 7.1(a)(2).  However, the Court has discretion to allow filings that circumvent

the Local Rules, and in the interest of deciding this motion on the merits, and convinced that the parties would not have resolved this issue on their own volition, I conclude that Plaintiff's error is not fatal to his motion.

Accordingly, for the reasons stated herein and on the record, Plaintiff's motion is hereby **GRANTED IN PART AND DENIED IN PART** (DE 45), the subpoenas issued by Defendant on January 29, 2016 are hereby quashed and discovery is extended for the very limited purpose described above.  Defendant is directed to return or destroy all materials thus far received in response to the subpoenas,[4] and Defendant is further directed to serve a copy of this order on all subpoena recipients.  No costs are awarded, neither party having completely prevailed.

**IT IS SO ORDERED.**

Dated: March 24, 2016        s/Anthony P. Patti
                             Anthony P. Patti
                             UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 24, 2016, electronically and/or by U.S. Mail.

                             s/Michael Williams
                             Case Manager to the
                             Honorable Anthony P. Patti

---

[4] Defendant represented to the Court at a February 18, 2016 hearing that it was refraining from opening any subpoena responses that came in during the pendency of this motion.  Defendant's counsel affirmed this representation at the March 23, 2016 hearing.