UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY A. ARNDT,

        Plaintiff,

v.

        Case No.  2:15-cv-11108
        District Judge Paul D. Borman
        Magistrate Judge Anthony P. Patti

FORD MOTOR COMPANY,

        Defendant.

_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY REGARDING PLAINTIFF'S REPLACEMENTS (DE 51)

This matter is before the Court for consideration of Plaintiff's motion to compel discovery regarding Plaintiff's replacements (DE 51), Defendant's response in opposition (DE 59), Plaintiff's reply (DE 64) and the parties' joint list of unresolved issues (DE 66.)  With respect to his discovery requests dated November 9, 2015, Plaintiff asks the Court to compel Defendant to provide complete substantive answers to interrogatories 10 and 11 and requests for production of documents 23 and 24.  These requests seek information and documents relating to the individuals who assumed Plaintiff's position, as well as the decision-makers who were involved in re-assigning Plaintiff's duties.

Defendant opposes the motion, asserting that the information requested is not relevant.

This matter came before me for a hearing on March 23, 2016. For the reasons stated on the record, Plaintiff's motion is **GRANTED IN PART** with the following limiting modifications:

1. <u>Interrogatory 10 and Document Request 23</u>: Defendant is ordered to provide the following information and/or documents (not already provided) with respect to the individuals who assumed Plaintiff's job duties (Ronald Kincer, Ricardo Crawford, and Peter Lupi): 1) date(s) these individuals performed Plaintiff's job duties; 2) names of the decision maker(s) with respect to transfer/hire into Plaintiff's position or assumption of his duties; and 3) all documents including email and text messages related to the individual's transfer/hire into Plaintiff's position or assumption of his duties.

2. <u>Interrogatory 11 and Document Request 24</u>: Defendant is ordered to provide the following information and/or documents (not already or otherwise provided) with respect to the approximately 14 process coaches who have reported to Mr. Sowers from October 2013 to the present: 1) his or her name; 2) Department/Area; 3) date(s) in that position; 4) supervisor; 5) decision-maker(s) with respect to his or her transfer/hire into Mr. Arndt's position or assumption of his duties; and 5) all

documents including email and text messages related to his or her transfer or hire into Mr. Arndt's position or assumption of his duties.

Finally, I decline to order costs in this matter. Pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is granted the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the opposing party's nondisclosure, response, or objection was substantially justified. Fed. R. Civ. P. 37(a)(5)(A). Here, I find that Defendant's position was substantially justified because it was unclear until the hearing why the information and documents being sought were relevant to the case. Further, during the course of motion practice, Plaintiff narrowed her requests substantially. The Court further narrowed the scope of the requests (by eliminating the requirement that Ford provide all documents setting forth the individuals' job histories with Ford), making the burden on Defendant proportional. Because Defendant's position at the outset was substantially justified and because neither party fully prevailed, an award of costs would not be appropriate in this matter.

**IT IS SO ORDERED.**


Dated: March 25, 2016          s/Anthony P. Patti
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 25, 2016, electronically and/or by U.S. Mail.

                                              s/Michael Williams
                                              Case Manager for the
                                              Honorable Anthony P. Patti